1

2

3

4

5

6

7

8          # UNITED STATES DISTRICT COURT

9          # SOUTHERN DISTRICT OF CALIFORNIA

10

11  | MATTHEW ALAN LAWRIE,<br>CDCR # F-74464 | Civil No.    11cv2237 DMS (BLM) |

12  |                    | **ORDER:** |

    |     Plaintiff, |  |

13  |  | **(1)  GRANTING MOTION TO** |

14  |  | **PROCEED** *IN FORMA PAUPERIS***;** |
    |  | **AND** |

15  |     vs. |  |

16  |  | **(2)  DISMISSING ACTION FOR** |
    |  | **SEEKING MONETARY DAMAGES** |

17  | PATRICIA GARCIA, Superior Court Judge;<br>JUBILEE GARNER, DCSS Representative; | **AGAINST DEFENDANTS WHO ARE** |
    |  | **IMMUNE AND FOR FAILING TO** |
    |  | **STATE A CLAIM PURSUANT TO 28** |

18  | COUNTY OF SAN DIEGO;<br>DEPARTMENT OF CHILD SUPPORT | **U.S.C. §§ 1915(e)(2)(B)  & 1915A(b)** |

19  | SERVICES |  |

20  |     Defendants. |  |

21

22

23          Plaintiff, a state inmate currently incarcerated at Corcoran State Prison in Corcoran,

24  California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C.

25  § 1983.  Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28

26  U.S.C. § 1915(a).

27  / / /

28  / / /

## I.     MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 3] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.     SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

1  are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-

2  27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.

3  2000) (§ 1915A).

4        First, to the extent that Plaintiff is seeking money damages based on rulings made by San

5  Diego Superior Court Judge Patricia Garcia during a civil matter, Defendant Garcia is absolutely

6  immune.   "Judges and those performing judge-like functions are absolutely immune from

7  damage liability for acts performed in their official capacities."  *Ashelman v. Pope*, 793 F.2d

8  1072, 1075 (9th Cir. 1986).  Therefore, as a Superior Court Judge for the State of California,

9  Judge Garcia has absolute immunity from civil proceedings relating to these actions, which were

10  performed within her judicial discretion.

11        Second, even if Plaintiff were only seeking injunctive relief as to Superior Court Judge

12  Garcia, he cannot state a viable § 1983 claim.  While not entirely clear, Plaintiff appears to seek

13  this Court's assistance in "stopping [Judge Garcia's] court order."  (Compl. at 7.)  The *Rooker-*

14  *Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in

15  substance would be appellate review of the state judgment in a United States District Court,

16  based on the losing party's claim that the state judgment itself violates the loser's federal

17  rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512

18  U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct. 868 (1999); *see District of Columbia Court*

19  *of Appeals v. Feldman*, 460 U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S.

20  413, 416 (1923).

21        Review of state court decisions may only be conducted in the United States Supreme

22  Court.  *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257.  The

23  *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional

24  issues.  *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d

25  609, 613 (9th Cir. 2007).  More specifically, the bar applies if the challenge to the state court

26  decision is brought as a § 1983 civil rights action alleging violations of due process and equal

27  protection.  *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God*

28  *v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

A complaint challenges a state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's decision in a judicial proceeding. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987)(Marshall, J., concurring); *see also Worldwide Church of God*, 805 F.2d at 891-92.

Because Plaintiff appears to seek this Court's assistance in overturning an order by San Diego Superior Court Judge Patricia Garcia, his claims are inextricably intertwined with the state court proceedings, and are barred by the *Rooker-Feldman* doctrine.

Plaintiff also seeks to hold liable the Department of Child Support Services for the County of San Diego.  However, an agency or department of a municipal entity is not a proper defendant under § 1983. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996).  Rather, the County itself is the proper defendant. *See id.*  "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).

Finally, to the extent Plaintiff has named the County of San Diego as a Defendant, a municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) ("[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Thus, to plead liability on behalf of the County, Plaintiff must allege:  (1) he was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996);

1   *Brown*, 520 U.S. at 404; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Put another way,

2   in order to state a § 1983 claim against the County of San Diego, Plaintiff must allege facts

3   showing that his injury was caused by individual county officers whose conduct both violated

4   the constitution and conformed to an official county policy, custom or practice.  *See Karim-*

5   *Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988).  All these things he has

6   failed to do.

7           For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua

8   sponte for failing to state a claim upon which relief can be granted and for seeking monetary

9   damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  *See*

10  *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446 n.1.

11          Plaintiff has also filed a "Motion to Admit New and Supporting Evidence in Support of

12  Plaintiff's Allegations" [ECF No. 3].  The Court construes this as a request to file an Amended

13  Complaint which is **GRANTED** in light of the Court's ruling below.

14  **III.    CONCLUSION AND ORDER**

15          Good cause appearing, **IT IS HEREBY ORDERED**:

16          1.       Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 3] is

17  **GRANTED**.

18          2.       The Secretary of California Department of Corrections and Rehabilitation, or his

19  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

20  owed in this case by collecting monthly payments from the account in an amount equal to twenty

21  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

22  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

23  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

24  ASSIGNED TO THIS ACTION.

25          3.       The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

26  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

27  Sacramento, California 95814.

28  */ / /*

1   **IT IS FURTHER ORDERED** that:

2   4.   Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim

3   upon which relief may be granted and for seeking monetary damages against an immune

4   defendant.  *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

5   5.   Plaintiff's Motion to Admit New and Supporting Evidence [ECF No. 2] is

6   **GRANTED**.  Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed

7   in which to file a First Amended Complaint which cures all the deficiencies of pleading noted

8   above.  Plaintiff's Amended Complaint must be complete in itself without reference to his

9   original Complaint.  *See* S.D. CAL. CIVLR 15.1.  Defendants not named and all claims not re-

10  alleged in the Amended Complaint will be considered waived.  *See King v. Atiyeh*, 814 F.2d 565,

11  567 (9th Cir. 1987).  If Plaintiff fails to file an Amended Complaint within 45 days, this action

12  shall remain dismissed without further Order by the Court.

13  6.   The Clerk of Court is directed to mail Plaintiff a copy of a Court approved § 1983

14  civil rights complaint.

15  **IT IS SO ORDERED.**

16  DATED:  October 24, 2011

17

18  _____

19  HON. DANA M. SABRAW
    United States District Judge

20

21

22

23

24

25

26

27

28