# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE,<br>CDCR # F-74464<br><br>         Plaintiff,<br><br>vs.<br><br>PATRICIA GARCIA, Superior Court Judge;<br>JUBILEE GARNER, DCSS Representative;<br>COUNTY OF SAN DIEGO;<br>DEPARTMENT OF CHILD SUPPORT<br>SERVICES<br>         Defendants. | Civil No.  11cv2237 DMS (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 8]; and**<br><br>**(2) DISMISSING ACTION FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I. Procedural History

On September 26, 2011, Plaintiff, a state inmate currently incarcerated at Corcoran State Prison in Corcoran, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

On October 24, 2011, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim and for seeking money damages against immune Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* Oct. 24, 2011 Order at 5-6. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* On November 2, 2011, Plaintiff filed his First Amended Complaint ("FAC"), as well as a Motion for Appointment of Counsel.

**II.   MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**III.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

*See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

First, to the extent that Plaintiff is seeking money damages based on rulings made by San Diego Superior Court Judge Patricia Garcia during a civil matter, Defendant Garcia is absolutely immune. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, as a Superior Court Judge for the State of California, Judge Garcia has absolute immunity from civil proceedings relating to these actions, which were performed within her judicial discretion.

In addition, Plaintiff seeks money damages from Defendant Garner, a social worker for the Department of Child Support Services ("DCSS"). Plaintiff claims that Defendant Garner "refused" to stop enforcing the Court's Order requiring Plaintiff to pay child support. (FAC at 3-5.) Where a social worker, working for a State agency, is alleged to be performing quasi-prosecutorial and quasi-judicial functions, they are entitled to absolute immunity as well. *See Caldwell v. LeFaver*, 928 F.2d 331, 333 (9th Cir. 1991). The acts of which Plaintiff complains with regard to Defendant Garner fall into these categories and thus, she is entitled to absolute immunity for the actions she has allegedly taken to enforce the Court's child support order.

Second, even if Plaintiff were only seeking injunctive relief as any of the named Defendants, he cannot state a viable § 1983 claim. Plaintiff is asking for this Court's assistance to "stop Court order for my support." (FAC at 7.) The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert.*

1 | *denied*, 119 S.Ct. 868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S.
2 | 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

3 | Review of state court decisions may only be conducted in the United States Supreme
4 | Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257. The
5 | *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional
6 | issues. *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d
7 | 609, 613 (9th Cir. 2007). More specifically, the bar applies if the challenge to the state court
8 | decision is brought as a § 1983 civil rights action alleging violations of due process and equal
9 | protection. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God*
10 | *v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

11 | A complaint challenges a state court decision if the constitutional claims presented to the
12 | district court are "inextricably intertwined" with the state court's decision in a judicial
13 | proceeding. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably intertwined with
14 | the state court judgment if the federal claim succeeds only to the extent that the state court
15 | wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25
16 | (1987)(Marshall, J., concurring); *see also Worldwide Church of God*, 805 F.2d at 891-92.

17 | Because Plaintiff appears to seek this Court's assistance in overturning an order by San
18 | Diego Superior Court Judge Patricia Garcia, his claims are inextricably intertwined with the state
19 | court proceedings, and are barred by the *Rooker-Feldman* doctrine.

20 | Plaintiff also seeks to hold liable the Department of Child Support Services for the
21 | County of San Diego. However, an agency or department of a municipal entity is not a proper
22 | defendant under § 1983. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal.
23 | 1996). Rather, the County itself is the proper defendant. *See id.* "[A] municipality cannot be
24 | held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be
25 | held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social*
26 | *Services*, 436 U.S. 658, 691 (1978).

27 | Finally, to the extent Plaintiff has named the County of San Diego as a Defendant, a
28 | municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where

a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) ("[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Thus, to plead liability on behalf of the County, Plaintiff must allege: (1) he was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Brown*, 520 U.S. at 404; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Put another way, in order to state a § 1983 claim against the County of San Diego, Plaintiff must allege facts showing that his injury was caused by individual county officers whose conduct both violated the constitution and conformed to an official county policy, custom or practice. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). All these things he has failed to do.

For all these reasons, the Court finds that Plaintiff's First Amended Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446 n.1.

**IV. CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Appointment of Counsel [ECF No. 8] is **DENIED**.

2. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking monetary damages against an immune defendant. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend

is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

3. Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall enter judgment for the Defendants and close the file.

**IT IS SO ORDERED.**

DATED: February 2, 2012

_____
HON. DANA M. SABRAW
United States District Judge